Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204
Telephone: 503.624.6800
Facsimile: 503.624.6888
(Additional counsel in signature block)
Attorneys for Defendants City of Portland and
Prosper Portland

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

EMANUEL DISPLACED PERSONS
ASSOCIATION 2; GLORIA CAMPBELL-
CASH, ISAAC CAMPBELL, IZEAL
CAMPBELL, MARILYN K. HASAN, ROSIE
TAYLOR, ELIZABETH FOUTHER-
BRANCH, BOBBY FOUTHER, KAREN
SMITH, ALICIA BYRD, BRIAN MORRIS,
JOANNE BOWLES-SPIRES, CLAUDE
BOWLES, MARY BOWLES SHOALS,
ROYAL HARRIS, RAHSAAN
MUHAMMAD, MIKE HEPBURN,
BEVERLY HUNTER, JUANITA BIGGS,
CONNIE MACK, TRAVANTE FRANKLIN,
DONNA MARSHALL, BARBARA DUMAS,
LAKEESHA DUMAS, JAMES SMITH SR.,
CLIFFORD TYRONE DUMAS, and VALDA
MCCAULEY,

          Plaintiffs,

vs.

CITY OF PORTLAND, PROSPER
PORTLAND fka the PORTLAND
DEVELOPMENT COMMISSION, and
LEGACY EMANUEL HOSPITAL &
HEALTH CENTER,

          Defendants.

Case No. 3:22-cv-01896-SI

**CITY OF PORTLAND AND PROSPER
PORTLAND'S ANSWER AND
AFFIRMATIVE DEFENSES**

For their answer to plaintiff's Complaint, defendants City of Portland and Prosper Portland, formerly known as the Portland Development Commission (collectively, the "Municipal Defendants") admit, deny, and allege as follows based on their current knowledge and reasonable investigation at this point:

## PREFATORY STATEMENT

To the extent a response to Plaintiff' prefatory statement is required, Municipal Defendants deny the allegations of that statement.

## JURIDICTION AND VENUE

1.      Municipal Defendants admit that the statutes cited in paragraph 1 are a basis for the Court's subject-matter jurisdiction, and that venue is proper. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 1.

## PARTIES

2.      Municipal Defendants admit that the Central Albina neighborhood was predominantly Black and was a vibrant community.

3.      Municipal Defendants admit that Legacy Emanuel Hospital & Health Center (the "Hospital") obtained, and then cleared, certain homes prior to August 20, 1970. Municipal Defendants admit that the Portland Development Commission (PDC), with approval by the City Council and the U.S. Department of Housing and Urban Development, exercised its powers of eminent domain to make way for the Hospital expansion. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 3. To the extent the paragraph alleges acts or omissions on the part of the Hospital, Municipal Defendants lack knowledge or information to form a belief as to the truth of those allegations.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

4.      Municipal Defendants admit that there exists an informal group called Emanuel Displaced Persons Association 2 ("EDPA2"). Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 4, and on that basis deny the other allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

5.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 5, and on that basis deny the other allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Municipal Defendants further aver on information and belief that at some point after she no longer lived in Central Albina, Ivy Campbell purchased a home at 835 N. Blandena Street . Upon information and belief, Ivy Campbell deeded that home to her life estate, as well as to plaintiffs Gloria Campbell-Cash, Isaac Campbell, and Izeal Campbell, in 2004. Upon information and belief, the home sold in 2009 for $325,000.

6.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny the allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

7.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny the allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

8.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis deny the allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

9.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny the allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

10.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis deny the allegations of that paragraph.  To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that at some point after she no longer lived in Central Albina, Amanda Warren purchased a home located at 4815 NE 8th Ave. The owner of that home is what appears to be Plaintiff McCauley's trust, the Valda M. McCauley Revocable Living Trust. Upon information and belief, the approximate market value of the home is $527,714.50 as of December 2023.

11.      Upon information and belief, Municipal Defendants deny that Della Mae and Sterling Williams purchased the home in 1934 and aver that they purchased the home in 1950. Upon information and belief, Municipal Defendant deny that Williams deeded the home "around 1949" and aver that Williams did so in 1959. The allegations of paragraph 11 imply that Mae and Williams received no compensation for their home, but in fact pursuant to a jury verdict, PDC was ordered to pay Mae and Williams $8,750 for the home plus costs of $1,322.40. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

other allegations contained in paragraph 11, and on that basis deny the other allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

12.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

13.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis deny the allegations of that paragraph. Upon information and belief, Municipal Defendants aver that in approximately September 1971, Aaron Joe and/or Sarah Lou Smith purchased a home located at 1204 NE Failing. Upon information and belief, plaintiff Smith is the owner of that home. Upon information and belief, the approximate market value of that home is $533,200.00 as of December 2023. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

14.     Municipal Defendants deny that Ms. Morris received no compensation. Upon information and belief, Esther Morris received $5,000 from PDC for the home. Municipal Defendants also deny that Ms. Morris continuously owned the house at 253 N. Cargo, as public records indicate that the "German couple" foreclosed on the contract in 1961, Multnomah County in turn foreclosed on the property for delinquent taxes in 1970, the "German couple" redeemed the property from the county in July 1971, and in November 1971, the "German couple" deeded the property to Ms. Morris who immediately deeded the house to PDC for $5,000. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

other allegations contained in paragraph 14, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

15.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

16.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that in August 1971, Evie and Pearlie Mae Bowles purchased a home located at 4715 NE 12th Ave—which Zillow.com describes as approximately 933 square feet. Upon information and belief, plaintiff Bowles-Spires is the owner of that home. Upon information and belief, the approximate market value of that home is $455,638.50 as of December 2023.

17.     Municipal Defendants admit based on information and belief that the home plaintiff Claude Bowles moved to as a child was approximately 900 square feet. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 17, and on that basis deny the other allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

18.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis deny the

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

19.     Municipal Defendants admit, based on information and belief, that Louie Edison Jr. and Beatrice Green Marshall purchased 1026 NE 107th Place in July 1973. Municipal Defendants aver based on information and belief that the home was sold in 2006 by Beatrice Marshall's estate for $320,000. Municipal Defendants deny that 2740 N. Vancouver was owned by the Marshall family—it was owned by the Eaton Family—and deny that the property was "around the corner" from 247 N. Fargo as maps of the Emanuel urban renewal area indicate that 2740 N. Vancouver was four blocks from that address. Municipal Defendants deny that the home was acquired through court judgment; the Eatons (not the Marshalls) deeded the property to PDC for $10,250 and PDC provided the Eatons with relocation assistance. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 19, and on that basis deny the other allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

20.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Municipal Defendants aver that the Skippers transferred their property to PDC for $6,500.

21.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis deny the

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

22.    Municipal Defendants deny that the Macks owned their home "free and clear" when it was acquired for the Hospital expansion; there was a mortgage on the property at that time. Municipal Defendants deny that the home was taken "by force," as there was a condemnation action in court which was settled for payment to the Macks in the amount of $12,000—more than the $8,400 value alleged in the condemnation action. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 22, and on that basis deny the other allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that in June 1972, Ferrell A. Mack and Vashti C. Mack purchased a home located at 4329 NE 70th Ave. Upon information and belief, the Mack estate deeded the property to plaintiff Mack and another heir. Upon information and belief, the property was sold in July 2023 to a third party for $475,000.

23.    Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

24.    Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that Albert and Annie Garnett purchased a home located at 2350 N. Wygant

Page 8 – ANSWER OF MUNICIPAL DEFENDANTS

Street. Upon information and belief, plaintiff Hunter, as trustee of the Garnett estate, sold the home for $110,000 in September 1994—the inflation-adjusted equivalent of approximately $226,000 as of November 2023.

25.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that Mabel Burns purchased a home in July 1971 at 2035 NE Junior Street. Upon information and belief, plaintiff Biggs owns the home. Upon information and belief, the approximate market value of the home is $544,419.50.

26.      Based on deed records, Municipal Defendants deny that the home had been in the Hepburn family "since the early 1900s." No person named Hepburn appeared on title until 1966, when a Mr. Paget quitclaimed the property to Mr. Hepburn. Municipal Defendants deny that the Hepburns received no compensation, as deed records recite $8,500 in consideration. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 26, and on that basis deny the other allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. Upon information and belief, Municipal Defendants aver that Donald and Elizabeth Hepburn purchased a home in February 1972 located at 5948 NE 22nd Ave. Upon information and belief, Donald Hepburn Jr. sold it in July 2019 for $394,000. Upon information and belief, Donald Hepburn Jr. is plaintiff Mike Hepburn's brother.

27.      Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis deny the

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

28.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28, and on that basis deny the allegations of that paragraph. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations. To the extent the paragraph alleges that Municipal Defendants acted unlawfully, Municipal Defendants deny those allegations.

29.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the first sentence of paragraph 29. They deny the second sentence of paragraph 29.

30.     Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the first sentence of paragraph 30. They deny the second sentence of paragraph 30.

31.     Upon information and belief, Municipal Defendants admit the first sentence of paragraph 31. The second sentence is not directed to the Municipal Defendants so no response is required. Except has expressly admitted herein, the allegations of paragraph 31 are denied.

32.     Admit the first sentence of paragraph 32. The second sentence is a legal conclusion to which no response is required. Except has expressly admitted herein, the allegations of paragraph 32 are denied.

33.     Admit the first sentence of paragraph 33. The second sentence is a legal conclusion to which no response is required. Except has expressly admitted herein, the allegations of paragraph 3. are denied.

34.     Admit that, in general, the historical narrative is accurate.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

35.     Admit that, in general, the historical narrative is accurate.

36.     Admit that, in general, the historical narrative is accurate.

37.     Admit that, in general, the historical narrative is accurate, although Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation about "[a] 1969 housing survey."

38.      Admit that, in general, the historical narrative is accurate.

39.     Admit that, in general, the historical narrative is accurate, although Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation about Mayor Riley.

40.     Admit that, in general, the historical narrative is accurate, but deny that Vanport was public housing.

41.     Admit that, in general, the historical narrative is accurate, but deny on information and belief that Albina was the only housing option.

42.     Admit that, in general, the historical narrative is accurate.

43.     Admit that, in general, the historical narrative is accurate. To the extent this paragraph alleges unlawful conduct by the Municipal Defendants, they deny the allegations of paragraph 43.

44.     Municipal Defendants admit that the urban renewal projects alleged in paragraph 44 occurred, and that beginning in 1958, PDC oversaw them. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 44.

45.     Municipal Defendants deny that the Hill-Burton Program required a declaration of "blight" in order to access funds. Municipal Defendants otherwise admit that, in general, the historical narrative is accurate.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

46.     The report alleged in paragraph 46 speaks for itself. Defendants otherwise deny the allegations of paragraph 46.

47.     The report alleged in paragraph 47 speaks for itself. Defendants otherwise deny the allegations of paragraph 47.

48.     Deny.

49.     Municipal Defendants admit that the urban renewal laws at the time should have provided more opportunities for community input, and otherwise deny the allegations of paragraph 49.

50.     Deny based on information and belief, though Municipal Defendants acknowledge that at least one Portland State University scholar has made these claims.

51.     Municipal Defendants admit to the existence of the "Meet Creepy Blight" brochure, the contents of which speak for themselves. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 51.

52.     Admit the first sentence. The Planning Grant Application speaks for itself. The Hamilton Report speaks for itself. Admit that the City Council approved the urban renewal project. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 52.

53.     Admit the first sentence. Admit the second sentence. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the quotation in the third sentence. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 53.

54.     Admit the allegations of paragraph 54, except that Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the final sentence or whether there was a "dispute."

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

55. The 1971 City Club Report on Urban Renewal speaks for itself. To the extent paragraph 55 alleges unlawful acts by Municipal Defendants, they deny such allegations.

56. City Ordinance No. 131245 speaks for itself. Municipal Defendants admit to the timeline alleged in the second and third sentences of paragraph 56. Except otherwise expressly admitted, the allegations of paragraph 56 are denied.

57. PDC Resolution No. 1218 speaks for itself. Municipal Defendants otherwise deny the allegations of paragraph 57.

58. Admit that there was a public hearing before the City Council in October 1970, and that EDPA representatives spoke at that meeting. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 58.

59. Ms. Warren's testimony speaks for itself.

60. Admit that counsel submitted papers to HUD in or about 1970. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 60, and on that basis deny the other allegations of that paragraph.

61. The City Club's report speaks for itself. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 61, and on that basis deny the other allegations of that paragraph.

62. Admit that the parties signed the Emanuel Replacement Housing Agreement, and that the agreement speaks for itself, otherwise deny.

63. The survey responses speak for themselves.

64. Admit that demolishing improvements in Central Albina began shortly after the Emanuel Replacement Housing Agreement was signed. Admit that various entities and

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

organizations, including Defendants, have prepared summaries of displacement from Central Albina, and that the statistics alleged in paragraph 64 appear to be taken from those summaries. Admit that approximately 188 properties were demolished between 1971 and 1973. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 64.

65.     Admit that the summary of the Hospital's acquisition of properties prior to August 1970 is contained in Resolution 1218, which is attached hereto as <u>Exhibit 1</u>. Admit that residents who sold their properties to the Hospital prior to August 1970 did not receive relocation assistance from the Municipal Defendants. Admit that various individuals and entities, including Defendants, have prepared summaries of displacement from Central Albina, and that the statistics alleged in paragraph 65 appear to be taken from those summaries. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 65.

66.     Admit that the Emanuel Hospital Urban Renewal Project altered Central Albina and displaced many Black families. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 66, and on that basis deny the allegations of that sentence. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 66.

67.     Admit that the deed contained the provision quoted in the third sentence. Admit that the expansion did not occur. Admit that the Hospital paid $396,777 for the property located at N. Williams and N. Russell. Except as otherwise admitted herein, Municipal Defendants deny the allegations of paragraph 67.

68.     Admit that Karen J. Gibson, a scholar at Portland State University, estimated in a study that the Black population of the Eliot neighborhood was 38 percent as of the 1990 federal decennial census, and that home values in Albina were 58 percent of the Portland median at some

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

point in the 1980s. Admit that in 1993, the City adopted the Albina Community Plan, which speaks for itself. Admit that many new residents in the Albina area are not Black. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 68.

69.     Admit that the City Council adopted the Interstate Corridor Urban Renewal Area (ICURA) Plan in August 2000. Admit that the ICURA Plan has been amended and that the most recent amendment was in 2021. Admit that the Hill Block is within the ICURA. The ICURA Plan, and the various iterations of it, speak for themselves. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 69.

70.     Denied.

71.     Admit that TIF is one funding mechanism for urban renewal. Deny that TIF freezes property taxes. Deny that either the City or Prosper Portland "profit" from TIF. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 71.

72.     Admit the first sentence. Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 72, and on that basis deny the other allegations of that paragraph.

73.     Deny.

74.     Admit that in early 2017, Prosper Portland gave notice to the Hospital that it would enforce the deed requiring return of undeveloped land and refund the Hospital's purchase price. Admit that the Hospital donated the undeveloped Hill Block land that was part of the land conveyed for the Hospital expansion. Admit that in late 2017, Municipal Defendants and the Hospital announced the formation of a Project Working Group (PWG) to address redevelopment of a parcel that was reconveyed to Prosper Portland. The PWG, which Defendants facilitated, adopted the name Hill Block Project Working Group. Pursuant to the PWG charter adopted in

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

2018, representatives from Prosper Portland, the Hospital, the Mayor's Office, and the Portland Housing Bureau, could serve (and did serve) as non-voting members of the Hill Block Project Working Group (HBPWG). Admit that there was a leadership change of the HBPWG. Admit that HBPWG voted to create a new entity. Admit that Prosper Portland supports that entity. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 74. Further, Municipal Defendants aver that the Hospital owns the lot at N. Williams and N. Russell, not either of the Municipal Defendants.

75.     Admit to the existence of EDPA2, which appears to be an unincorporated association. Otherwise, Municipal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75, and on that basis deny the allegations of that paragraph.

76.     Admit that there was an appraisal of the Hill Block in 2020. The appraisal speaks for itself. Admit that the Hill Block is zoned as CI2-Campus Institutional. Admit that the Hill Block is part of the ICURA. Deny that Prosper Portland included the word 'blight' in Resolution 7361. Admit that the City Council adopted the amended ICURA plan in early 2021. The amended ICURA plan speaks for itself. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 76.

77.     Admit that Mayor Wheeler made the statement quoted in paragraph 77. Admit that the City Council approved the ICURA amendment. Except as otherwise expressly admitted herein, Municipal Defendants deny the allegations of paragraph 77.

78.     Deny the first sentence. Admit the second sentence. Admit that Municipal Defendants have made public statements about the Hill Block and its redevelopment. Except as expressly admitted, Municipal Defendants deny the allegations of paragraph 78.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

79.     Admit that FutureLab issued in Spring 2021 a report sponsored by, or "in partnership with [EDPA2]," called Reclamation Towards the Futurity of Central Albina. Admit that the authors of FutureLab relied on public information, as well as personal accounts, to prepare its report. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 79.

80.     The FutureLab report speaks for itself. Municipal Defendants deny the allegations of paragraph 80.

81.     Admit that plaintiffs served a notice under the Oregon Tort Claims Act. Admit that the parties did not resolve the matter. Except as expressly admitted herein, Municipal Defendants deny the allegations of paragraph 81.

82.     Municipal Defendants incorporate the foregoing responses as though set forth here in full.

83.     Deny.

84.     Deny.

85.     Deny.

86.     Deny.

87.     Deny.

88.     Municipal Defendants incorporate the foregoing responses as though set forth here in full.

89.     Deny.

90.     Deny.

91.     Deny.

92.     Deny.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

93.    Deny.

94.    Deny.

95.    Deny.

96.    Deny.

97.    Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

98.    The First and Second Claims for Relief are barred by the two-year statute of limitation that applies to those claims. ORS 12.110(1). To the extent the Third Claim for Relief alleges private nuisance, it is time-barred because it is brought over six years since the claim accrued. ORS 12.080(3). ORS 12.080.

### Second Affirmative Defense

99.    Plaintiffs' prayers for equitable relief are barred by the doctrine of laches. Among other reasons, Plaintiffs and their families have known for decades that the property at issue has remained vacant; numerous public records have catalogued the same facts that Plaintiffs now allege (other than a conspiracy, which Municipal Defendants deny); as Plaintiffs themselves allege, Plaintiffs and their neighbors discussed Municipal Defendants' assertedly "wrongful" conduct in the late 1960s and early 1970s; and at least one newspaper within Portland's Black community, circulating in the 1960s and 1970s, characterized the expansion of Emanuel as pretextual. Municipal Defendants are prejudiced by the passage of over 50 years between the events at issue and when this action was filed. Witnesses have died or otherwise no longer are available, and, at this point, there likely are few relevant documents, if any, beyond public records that have been available for decades.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

**Third Affirmative Defense**

100.     Municipal Defendants incorporate paragraphs 2 through 30 above and reallege them here in full. To the extent Plaintiffs have benefited, or will benefit, financially from the properties their relatives bought after leaving Central Albina, any damages that such Plaintiffs allege should be reduced by the financial benefit they have received from those properties.

**Fourth Affirmative Defense**

101.     For those Plaintiffs whose relatives litigated concerning the value of their Central Albina homes, whether in connection with eminent domain or otherwise, those Plaintiffs' damages claims related to the value of such property are barred by claim preclusion.

**Fifth Affirmative Defense**

102.     *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), bars the First Claim for Relief.

**Sixth Affirmative Defense**

103.     The Second and Third Claims for Relief are barred by discretionary immunity. ORS 30.265(6)(c). Among other actions, approval of the Emanuel Urban Renewal Project, adopting Resolution 1218, and including the at-issue properties in the ICURA, were or are decisions involving public policy for which neither of the Municipal Defendants may be held liable under Oregon law.

**Seventh Affirmative Defense**

104.     To the extent Plaintiffs' relatives who owned Central Albina property accepted payment from the Portland Development Commission as just compensation, those Plaintiffs are estopped from claiming that Municipal Defendants were unjustly enriched.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

**Eighth Affirmative Defense**

105.    To the extent that Plaintiffs live near Central Albina, they may not recover for nuisance because they have come to the nuisance.

**Ninth Affirmative Defense**

106.    The Hospital has owned the property at issue since 1971. Municipal Defendants thus cannot be liable for nuisance allegedly arising from use, misuse, or disuse of that property.

**Tenth Affirmative Defense**

107.    The Second Claim for Relief is barred in whole or in part as to Prosper Portland by the change-of-position doctrine. In reliance upon acquiring the Central Albina properties, the Portland Development Commission deeded the property to the Hospital and has included the properties in a TIF district with voter approval. Prosper Portland thus would be prejudiced if required to pay restitution for the value of Plaintiffs' relatives' homes.


WHEREFORE, Municipal Defendants pray for entry of Judgment as follows:

A.    That Plaintiffs take nothing by their Complaint;

B.    That the Complaint be dismissed with prejudice;

C.    That the Court decline to issue either declaratory or injunctive relief;

D.    For an award of costs; and

E.    For such further relief that the Court deems necessary and just.

## DEMAND FOR JURY TRIAL

Municipal Defendants demand trial by jury on all issues so triable.

Snell & Wilmer
601 SW Second Avenue, Suite 2000
Portland, OR 97204
503.624.6800

DATED this 9th day of January, 2024

/s/ Clifford S. Davidson

J. Scott Moede, OSB No. 934816
Chief Deputy City Attorney
scott.moede@portlandoregon.gov
Elizabeth C. Woodard, OSB No. 075667
Deputy City Attorney
Beth.Woodard@portlandoregon.gov
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4th Avenue, Room 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile:  (503) 823-3089

Attorneys for Defendant City of Portland

Clifford S. Davidson, OSB No. 125378
SNELL & WILMER L.L.P.

Attorneys for Defendants City of Portland and
Prosper Portland

4894-0237-6597

Page 21 – ANSWER OF MUNICIPAL DEFENDANTS